*Radcliff, J.
delivered the opinion of the court. The bond not being taken in pursuance, of the act, but at common law, which is substantially alleged in the plaintiff’s replications, and admitted by the demurrers, it is unnecessary to consider whether there is a material variance between the form of the bond and the directions of the act. The only question is, whether it be good, for the purpose it was taken, at common law.
¡|1¡ The bond being conditioned, that the defendant, Bull, should remain a true and faithful prisoner, is, on the face of it, undoubtedly good ; but it being alleged by the plaintiff that it was taken for the ease, convenience,- and benefit of the prisoner, and to indulge him to go at large within the walls of the prison, it is contended by the defendant, that it is a bond for ease and favor, and therefore contrary to the statute of 23 Hen. VI. c. 10, which is enacted here. (24 Sess. c. 28, s. 13. 5 Com. Dig. tit. Pleader, p. 648, (2 W. 25.) 1 Sid. 383. Salk. 438. 2 Keb. 422. Hard. 464. 1 Saund. 161. Plow. 60 to 68.)
The question is, whether the indulgence of going at large within the walls of the prison, as admitted in the replication, comes within the definition of ease and favor, intended by the act.
I think it does not. It is not inconsistent with the duty of a sheriff to permit a prisoner to occupy the whole or any part of -the prison. He is still, in contemplation of law, in arcta et salva custodia, while he is confined within the walls of the prison, and a bond, conditioned, that he shall remain a faithful prisoner, may, with as much propriety, be taken in relation to the whole, as to any part of the prison. Thus, in England, such a bond from a prisoner within the rules, which are analogous to our liberties, is held to be good. (2 Keb. 423. 1 Sid. 383.) If the sheriff may grant *244 to a prisoner the whole extent of the prison, without such a bond, and at the same time not violate his duty, or incur the penalty of an escape, it would seem inconsistent that the bond should be void, when it would not be so if the prisoner were confined in a particular part of the jail.
*A distinction is taken between bonds, conditioned to remain a faithful prisoner, which are lawful, and bonds, to save the sheriff harmless against escapes, which are held to be illegal and void. The reason appears to be, that the former are consistent with the duty of the sheriff, safely to keep his prisoners, and the latter imply the consent of the sheriff to the prisoner’s escape, on the alternative of an indemnity for the consequences. (Yelv. 197. 6 Mod. 225. 6 Bac. 181. Cro. Eliz. 66.)
The general rule seems to be, that a bond, taken by the sheriff to induce a less rigorous imprisonment, is good, if the indulgence be such as he would otherwise consistently with his duty be authorized to grant; but if it confer a privilege inconsistent with his duty, by which the object of the imprisonment, as a mean to compel a satisfaction of the plaintiff’s demand, may be impaired or defeated, the bond is illegal and void. It is then a bond for the ease and favor of the prisoner, and contrary to the statute. So a bond, taken by the sheriff, under color of his office, to acquire profit or emolument, is also void. The statute is directed against oppression on the one hand, and an improper indulgence on the other.
In the present case, although the replication states the bond to have been given for the ease, convenience, and benefit of the prisoner, it also states the nature of that benefit, and that it did not extend a privilege beyond the walls of that jail. This explains the sense of the antecedent terms, and shows that the indulgence was not unlawful.
We are, therefore, of opinion that the bond is good, and that the manner of pleading does not affect the construction to be given to it; and, of course, that the plaintiff ought to have judgment.
*245 Lewis, J. not having opinion. heard the argument, gave no
Judgment for the plaintiff.(a)

(a) See Bac. Ab. Sheriff, O. Dalton’s Sheriff, 356, et seq. Denson v. Sledge, 2 Dev. 136. Joyce v. Williams, Tayl. 27. Udall v. Rice, 1 Tyler, 213. Prather v. Beebe, 3 Bibb, 375. McKeem v. Foster, Id. 48. Field v. Slaughter, 1 id. 160. And see United States Digest Supplement, vol. 2, p. 573, et seq. Richmond v. Roberts, 7 Johns. R. 319. Burrel v. Acker, 23 Wend. 606. S. C. 21 id. 605.