## LOVE *against* PALMER and others.

THIS was an action of debt. The plaintiff declared on a bond, dated the 7th of *August*, 1809, in the penalty of 200 dollars, *conditioned* to indemnify the plaintiff against all costs and damages, that shall or may arise against him, on account of his not taking *N. Palmer* to prison, on account and by virtue of a *ca. sa.* which the plaintiff had in his hands, issued out of the supreme court, in favour of *Reuben Leonard* and *Rufus Leonard;* and the defendants bound themselves to pay the debt and costs, for which the *ca. sa.* was issued, viz. 94 dollars and 43 cents to *R. & R. Leonard,* and to indemnify the plaintiff against all costs and damages which may or shall arise from the premises. The plaintiff assigned for breach, that the defendants had not indemnified him against the costs and damages that had accrued in consequence of his not committing the said *N. P.* to prison, upon the *ca. sa.* aforesaid, nor had paid the said debt and costs, to the said *R. & R. Leonard,* besides the fees and poundage, for serving the *ca. sa.* amounting to 10 dollars, nor brought to the plaintiff a discharge from the said *R. & R. Leonard.* The plaintiff then averred, that the *ca. sa.* was issued out of the supreme court, in *August* term, in 1809, returnable in *November* term following, for the sum aforesaid, in favour of the said *R. & R. Leonard,* and that the same was in the hands of the plaintiff, as *under-sheriff* to the sheriff of *Madison* county; and that, by means of his not taking the said *N. Palmer*

*Where an under-sheriff took a bond to indemnify him for all costs and damages, &c. for not taking P. against whom the said sheriff held a ca. sa. at the suit of L. to prison, as security for the debt; the bond was held to be void, as taken by the sheriff, for ease and favour, or by colour of his office, and in other form than that prescribed by statute.*

NEW-YORK,
Nov. 1810.

LOVE
v.
PALMER and
others.

to prison, whom he had arrested by the *ca. sa.*; and in consequence of permitting him to escape, the sheriff had been sued for the *escape*, before this suit was brought, whereby the plaintiff has been damnified, and been obliged to expend 50 dollars, in defence of the said suit, and became liable to pay the said sum to the sheriff, &c.

There was a general demurrer to this declaration, and joinder, which was submitted to the court, without argument.

*Per Curiam.* It is apparent that the bond, in this case, was taken as an indemnity for an escape, *then in contemplation*, and not for an escape which had previously happened. The plaintiff had the prisoner, and the *ca. sa.* in his possession when he took the bond, and it was given for the deliverance of the prisoner from custody. It was accordingly void in law, for the party was not bailable. The case of *Dive* v. *Manningham*, (*Plowden*, 60.) is an early and solemn determination upon the point. That was an action of debt, upon a bond of indemnity, given to the plaintiff, as sheriff, for the delivery out of prison of a prisoner, whom the sheriff had taken in execution for a debt; and on demurrer, the bond was held to be void, both by the common law, and under the statute of 23 *Hen.* VI. c. 9. which we have adopted, (sess. 24. c. 28. s. 13.) as being taken for *ease and favour*, or by *colour of his office*, *in other form* than that prescribed by the statute. The same doctrine is recognised in r · merous subsequent cases, and is not now to be q· es-tioned. (10 *Co.* 99. *Cro. Eliz.* 66. 199. *Yelv.* 19. 2 *Bulst.* 213. 2 *Johns. Cas.* 245.) Judgment must, therefore, be given for the defendants.

Judgment for the defendants.