NEW-YORK,
Nov. 1810.

RICHMOND
v.
ROBERTS.

</div>

<div style="text-align:right">Motion denied.</div>

RICHMOND *against* ROBERTS.

THE defendant in this cause was taken on a *ca. sa.* by the sheriff of *Columbia*, at the suit of *Alexander Pope*, and committed to the custody of the plaintiff, as gaoler. The plaintiff took a bond, payable in ten days, and a warrant of attorney to confess judgment thereon, for the amount of the *ca. sa.* together with 10 dollars, for additional costs and charges of the plaintiff. At the end of the ten days, judgment was confessed and entered up on the bond. A motion was now made to set aside the judgment and warrant of attorney.

*Per Curiam.* The judgment and warrant of attorney must be set aside. To tolerate a practice, for a sheriff or gaoler to take a *judgment bond* from a prisoner charged in execution, for the amount of the execution, and such other charges as the sheriff or gaoler may think proper to demand, would lead to the greatest abuse and oppression. Such bonds, at least, ought to be open to every inquiry and defence at law. We are inclined to think, that such bonds are against the statute, as being taken for *ease* and *favour*, and by *colour of office;* but on this point we do not mean to give an opinion, or to conclude the party; but merely set aside the judgment and warrant of atttorney, and leave the plaintiff, if he pleases, to prosecute the bond at law.

<div style="text-align:right">Motion granted.</div>

*Where a gaoler discharged a defendant in execution, on his executing to him a bond, with a warrant of attorney, for the amount of the debt, and additional charges, the court set aside the judgment entered up on the bond and the warrant of attorney, and left the party to seek his remedy by an action on the bond, so that the defendant might avail himself of any defence at law.*

*Whether such a bond, taken by a sheriff or gaoler, is not against the statute, as taken for ease and favour, and by colour of office? Quere.*