Curia, per
Savage, Ch. J.
The general principle is not denied, that this action lies in all cases where any one has received the money of another, and refuses to pay it over. I can see no reason why an officer who has collected money on an execution, and refuses to pay it to the owner, should not be liable as for money had and received. The action is recommended by its simplicity, and should be encouraged where the defendant is in no danger of being misled, or taken by surprise, which cannot be pretended in this case. The sheriff has received money for the plaintiff’s use; and having refused to pay it, is rightly prosecuted.
I am of opinion also, that the sheriff, having returned the execution satisfied, thereby admits the receipt of the money which he was directed to receive. This admission may well relate to the return day. The sheriff, by re *467 turning the execution satisfied, admits that he executed the writ. He must have done so before the return day ; as he could not, in his official character, enforce payment afterwards : and had he executed the writ by arresting the defendant, the return would have been different.
I shall, however, enquire, whether the sheriff is liable in this action, in consequence of his deputy’s taking the note of a third person. The acts of the deputy are the acts of the sheriff, unless the plaintiff has, by his conduct, constituted the deputy his special agent, as in the case of Gorham v. Gale, decided February term, 1826. (a)
*468 R is contended by the defendant, that he acted without authority in taking the note, and discharging Mumford on the ca. sa.; and therefore, though he may be liable for an escape, yet he cannot be charged in this action.
Such an objection comes with an ill grace from the defendant, who thus sets up his own misfeasance in his own discharge.
It is true, that the sheriff violated his duty in discharging Mumford, without receiving the money contained in the direction on the back of the ca. sa. This was so decided in Mumford v. Armstrong, (4 Cowen, 553,) where the sheriff received a draft for the money, and discharged the plaintiff. W e held the taking of the draft to be unauthorized, and not a payment; and The Bank of Orange v. Wakeman, (1 Cowen, 46,) was referred to, where a similar decision was made upon the sheriff ’s taking a promissory note for the amount of a fi.fa. in his hands, and discharging it. But those cases were between the original parties; and it was held that the party for whose benefit the execution was issued, should not be prejudiced} by the improper and unauthorized acts of the officer. The question whether the officer himself would be liable, was not determined.
There is no doubt, that the plaintiff in this case, Armstrong, might have considered the enlargement of Mumford as an escape, and taken a new execution, or prosecuted the sheriff. But is he obliged to do so ? May he not affirm the acts of the sheriff, consider the execution paid, and call on him for the money ? Undoubtedly he may.
It is said the note is a nullity ; and we are referred to several decisions where securities taken by sheriffs improperly, were held void, as taken for ease and favor.
In Love v. Palmer, (7 John. 159,) the plaintiff, a deputy sheriff, took a bond of indemnity in contemplation of an escape, which was held void bo<h at common law and by statute, being for ease and favor, and by color of his office.
In Richmond v. Roberts, (7 John. 319,) the plaintiff was gaoler, and as such, took a bond and warrant on which *469 judgment was entered, and discharged the prisoner. The court set aside the judgment and warrant, on the ground that such a practice would lead to oppression. They also intimated an opinion that such a bond is against the statute, being for ease and favor.
In Strong v. Tompkins, (8 John. 98,) the plaintiff, a deputy sheriff, instead of taking a bail bond on serving a capias ad respondendum, took a note as his indemnity, which he afterwards sued as endorsee ; and was nonsuit-ed. The court held the note void by our statute, which is a copy of the statute 23 of Henry 6
In all these cases the security was taken by the sheriff, and prosecuted by him ; and the decisions are all against the sheriff. The securities are said to be void. But it by no means follows, that he would not have been held liable as for money had and received, had he taken a note instead of a bond, in the cases of Love v. Palmer and Richmond v. Roberts.
In England, where the statute concerning sheriffs is the same as ours, such securities are considered valid. In Pilkington v. Green, (2 B. & P. 151,) the defendant being arrested on a warrant from the commissioners of excise, which was in nature of a ca. sa. the officer took notes, and discharged him. The notes were accepted by those interested, and prosecuted. The defendant’s counsel likened it to the case of a ca. sa. ; and argued, that if the discharge was without consideration, the notes were void. Lord Eldon said, “we are of opinion, that, under the circumstances of this case, the note having been accepted by those who were interested in it, has a sufficient consideration to support it.” The case of Sugars v. Brinkworth, (4 Campb. 46,) was similar, except that the warrant was in nature of a fi. fa. The note taken was held a valid security. In Bowman v. Wood, (15 Mass, Rep. 534,) the plaintiff, a deputy sheriff, received a negotiable note as collateral security, in discharge of an execution, and was allowed to recover upon it.
According to these cases, Porter’s note would have been recoverable by Armstrong, had the defendant passed it to' *470 him when requested to do so. The party interested in the execution, having accepted of, and ratified the acts of the sheriff, there is a sufficient consideration for the note.
The only question remaining is, whether the taking of á promissory note is to be considered the receiving of money, so as to sustain this action. The case of Denton v. Livingston, (9 John. 98,) shews that a sheriff is responsible for property sold, whether he receives the money or not; but proves nothing as to the right of action for money had and received.
In Witherby v. Mann, (11 John. 518,) it was held that a promissory negotiable note, given and accepted as payment of a judgment, was an extinguishment of the judgment ; being, in such case, equivalent to the payment of money.
In the case of Beardsley v. Root, (11 John. 468,) Van Ness, justice, in giving the opinion of the court, says,- “ the general rule indisputably is, that the action for money had and received, cannot be supported, unless the defendant actually has received money. It has, however, been held in the English courts, that taking negotiable paper is equivalent to the receipt of money ; and although we have never sanctioned that doctrine by an express decision, yet, in the case of Cumming v. Hackley, (8 John. 206,) the court seem to intimate their approbation of it.”
In Douglass v. Waer, (Anth. N. P. Rep. 131,) Spencer.. justice, decided, that the plaintiff having given a promissory note for the defendant’s use, entitled him to recover as for money paid, though the note was not paid in fact, it having been accepted by the defendant’s creditor in satisfaction of his debt. So too, in Beardsley v. Root, no money was in fact received ; but the defendant having discharged the plaintiff’s debt, the action was held to lie. In that case, Floyd v. Day, (3 Mass. Rep. 403,) is cited with approbation ; the principle of which is, that an agent who discharges a debt of his principal, by receiving a negotiable note, becomes accountable to the latter, as for so much money received.
*471 In these cases, the agent had discharged the debt of his principal. In the case under consideration, -the taking of the note in question, did not, per se, discharge Mumford. The plaintiff might have taken another execution against him. But having subsequently ratified the act of the sheriff, by considering the transaction as a payment, and demanding the money, or the note, I apprehend his remedy against Mumford no longer exists. If this be so, then this case is directly within the cases referred to between principal and agent; and the plaintiff is entitled to recover.
Interest was cast from the return day of the execution. If the plaintiff is entitled to recover at all, he is entitled to interest from that time.
Judgment for the plaintiff.

 Gorham v. Gals. Action for money had aud received. The plaintiff proved a fufa, tested May IB, 1822, returnable the \st, Monday •August) 1822, for $276,03 in favor of the plaintiff against J. 8c W. Getty. This was delivered to Stevens) a deputy oí the defendant, who was then sheriff of the county of Washington.
By the plaintiff’s order, his attorney, August 20/A, 1822, wrote to Stevens, the deputy, that J. Getty had proposed to the plaintiff to bid off the land belonging to W. Getty) for the amount due on the judgment, and costs ; to pay $200 down, and the residue in 6 months. That if Mr. Getty paid the $200 on the sale, or in the week following, the deputy could give him a receipt for that sum, to be credited when the residue was paid ; and, on payment of the balance, give him a certificate, that is to say, to be no sale completed until the whole amount was paid. That the terms of sale should be for cash down, and, of course, the bargain pot to be completed till the whole amount should be paid That Gorham did not wish to discharge the judgment, and take any new security, on the payment of $200 ; but to have it stand in force until the whole was satisfied ; but was willing that Getty should have 6 months to pay the balance over $200.
W. Getty's property sold for more than $200 to J. Getty) who paid the $200. No deed had ever been executed. On the 17/A of September) 1823 the deputy stated an account, by which it appeared that $104 were still due on the execution, including all interest and costs.
The cause was tried January 7/A, 1824, at the Washington circuit, before Walworth, C. Judge; who directed a verdict for the plaintiff for the $200, and interest, with leave for the defendant to move for a new' *rial on a case.
J. B. Gibson and S. Stevens, for the defendant.
W. Raleigh, for the plaintiff.
The Supreme Court grauted a new trial, on the ground, that the plaintiff had made the deputy his private agent, to whom he must Icolc for the mo* hey ; and the sheriff was not liable.