## PAGE *v.* THOMPSON.

43   373
69   393

For a breach of duty by the sheriff, in respect to a writ of execution committed to him, a suit may be brought in the name of the real party, although not the party of record.

A judgment against a trustee, in a foreign attachment, does not bind a person to whom the principal debtor has assigned the claim attached, when the trustee has notice of such assignment and does not disclose it, and the assignee is not notified of the proceedings.

THIS was an action on the case against the sheriff of Grafton County, for the default of his deputy, Martin, in not returning an execution in favor of David Page against John Buzzell, and paying over the money collected thereon.

The report of the referee, to whom the action was committed, showed that after the recovery of this judgment, it was duly assigned, and for a valuable consideration, to this plaintiff, and that when the execution was put into the hands of Martin, he was duly notified of the assignment, and directed to pay the money collected upon it to this plaintiff; that the money was collected by Martin, and duly demanded by the plaintiff; that soon after Martin received the execution, both himself and Buzzell were summoned as the trustees of David Page, and after the service of the process, Buzzell paid over the amount of the execution to Martin to await the final judgment in that case; that Martin disclosed the collection of the money, but not the fact of notice to him of the assignment aforesaid, and thereupon he was charged as trustee, and paid over the money accordingly, but without notice to this plaintiff.

The declaration in this action sets forth, that "whereas the plaintiff by the consideration of our court," &c., "recovered judgment by the name and addition of David Page of Haverhill," &c., "against John Buzzell," &c., "for the sum of," &c., "In a plea of the case as by the record thereof remaining," &c., "and the said plaintiff being plaintiff in trust, by the name and addition as above stated, afterward sued out execution," &c.

The referee ruled, as a conclusion of law, that the action could not be maintained; to which the plaintiff excepted, and the questions of law were referred to the court for determination.

*Page*, for the plaintiff.

*Bryant*, for the defendant.

BELLOWS, J.    The declaration describes a judgment recovered by the plaintiff by the name and addition of David Page; but the judgment offered in evidence was recovered by David Page, and not this plaintiff, they being distinct persons; and there is, therefore, a variance; but the defect may be cured by amendment.    As this objection may be avoided by an amendment, we have examined the other questions in the case; namely, whether a writ can be maintained at all, in the name of the plaintiff; and if so, what is the effect of the proceedings in the foreign attachment.

As to the first point, the case is, that the judgment in question was assigned by David Page to the plaintiff, and notice of it given to the deputy of the defendant when the execution was delivered to him; and for his alleged default in not paying over the money collected upon it, this suit is brought.    And the question is, whether the assignee of a judgment recovered in the name of another, can sue the sheriff in his own name for a default of this character, or whether the writ must be in the name of the plaintiff of record.

In the case of the assignment of claims, the legal interest in general remains in the assignor, unless where the claims are negotiable; and suits at law brought directly upon them, must be in his name; but it does not follow that suits and proceedings not founded immediately upon the original cause of action, but collateral in their character, must also be in the name of the assignor, although they may be designed to protect and vindicate the equitable rights derived from the assignment.    On the contrary, it is held that the assignee may maintain trover for the conversion of a bond or other instrument assigned to him, although the assignor alone could maintain a suit to enforce the contract.    *Clowes* v. *Hawley*, 12 Johns. 483.    In this case, which was trover for a bond for the conveyance of certain land, which was converted by the obligor, the assignee was allowed to recover the value of the land as his damages.    In *Lyford* v. *Dunn*, 32 N. H. 81, a debt, for the recovery of which a suit was pending, had been assigned to the plaintiff, and the assignment placed on file; and in the execution the sheriff was ordered to cause the same to be levied and paid to the assignee.    It was held that the assignee was to be regarded as the creditor to whom the execution was to be paid and satisfied, and levy of the execution and delivery of seizin were properly made to him.    In this case, the assignee was regarded as the creditor within the meaning of the statute, and the proper person to appoint the appraiser and receive seizin under the levy; and in this way he was held to have acquired title without a release from the plaintiff of record.    The principle of this case recognizes the assignee to be the substantial owner of the judgment and its fruits, without any further conveyance from the assignor; and it would seem to be a necessary inference from this, that for any neglect of duty on the part of the officer in making the extent, the assignee, to whom alone the duty is owed, could maintain an action.    It would seem, also, that if satisfaction of such execution was obtained by the officer in money, it must be regarded as the money of the assignee, for which he could maintain assumpsit for money had and received, in his own

name, as is held in cases where the plaintiff of record is also plaintiff in interest. 2 Com. on Contracts 30; 3 Salk. 323; *Perkinson* v. *Gifford*, Cro. Car. 539; *Armstrong* v. *Garrow*, 6 Cow. 465. If this be so, it will hardly be contended that the assignee could not in his own name sue for a neglect to return the execution on which he had collected the money. In *Colburn* v. *Rossiter*, 2 Conn. 503, cited by *Perley*, J., in *Lyford* v. *Dunn*, a suit was brought against a sheriff for an escape, in the name of the assignor; and the defense was, an act of insolvency obtained upon notice to the assignee. It was held that notice was properly given to the assignee, and that if any action would lie, it ought to be in his name, as he was the real creditor and alone injured.

On the other hand, in *Doe* v. *Jones*, 2 M. &. S. 473, it was held, that the nominal plaintiff in ejectment, in whose name the mesne profits have been recovered, may sue for an escape of the defendant in execution, for such mesne profits. At the same time it is held in *Aslin* v. *Parkin*, 2 Burr. 665, that the lessor of the plaintiff, and the tenant in possession are substantially and in truth the parties, and the only parties; but as the action for mesne profits is consequential to the recovery in ejectment, it may be brought by the lessor of the plaintiff in his own name, or in the name of the nominal lessee; in either shape it being equally his action. In *Woodman* v. *Jones*, 8 N. H. 344, it was decided that an action against a sheriff for not returning an execution, brought in the name of the nominal party having no interest, might be maintained; and the court go further, and say that the writ could be maintained only in the name of such plaintiff; and this apparently upon the authority of *Harrington* v. *Ward*, 9 Mass. 251. It will be seen, however, that this case does not go to that extent. It was brought, in fact, by a surety against the sheriff, whose deputy in a suit against all the promisors in a note had attached the goods of the principal, but who neglected to apply them to the satisfaction of the judgment, in consequence of which the surety was obliged to pay the debt. It was decided that the action could not be maintained, and that the sheriff was answerable for his neglect only to the plaintiff or defendant in the suit; but without touching the question whether the nominal or real party was intended. So far as the opinion in *Woodman* v. *Jones* applies to the right of the real plaintiff to sue in his own name in such cases, it must be regarded as extra-judicial, as the point did not directly arise; and beside it is greatly weakened if not overthrown, by the principle recognized in *Lyford* v. *Dunn*. In fact the tendency of all courts is now to regard the assignee as the real owner of the debt; and little is now left of the old doctrine that a chose in action can not be assigned, but the necessity of suing in the name of the assignor, as mere matter of form, when the action is founded directly upon the claim itself. In all matters of substance the assignee is treated as the real owner, and it is quite desirable that his equitable rights should not be subjected to any unnecessary embarrassments in matters of form.

In *Doe* v. *Brewer*, 4 M. & S. 300, decided in 1815, it was held that the lessors of the plaintiff in ejectment could not release the

action, and that only the real plaintiff, who must be deemed to be the plaintiff of record, could do it, although in that case his existence was but a fiction of law. Since that time very different views have been taken by the courts, and with those views we conceive an action like the present, in the name of the assignee, to be entirely consistent.

The remaining question is as to the effect of the proceedings in the foreign attachment. In regard to that it appears that the debt was lawfully assigned to the plaintiff, and that when the execution was delivered to Martin, the defendant's deputy, he was notified of that fact, and directed to pay the avails of it to the plaintiff; that upon being summoned as trustee of the assignor, he disclosed the money in his hands, but made no mention of the assignment, or the notice of it to him, and that without notice to the plaintiff, judgment was rendered, charging the trustee for the amount in question.

Upon these facts we are of the opinion that the plaintiff, being no party to that judgment, is not bound by it; and also that the plaintiff's interest is such as to be protected against the attachment in the hands of the trustee, having notice of the assignment. The judgment, as such, can bind only parties and privies, and it was plainly the duty of the trustee to disclose his knowledge of the assignment, and thus lay the foundation for bringing the claimant into court, that the rights of all could be conclusively settled. Not having made such disclosure, he must take the risk of the plaintiff's claim.

Judgment, then, must be upon the report, unless the declaration be amended, as it may be upon terms to be settled at the trial term ; and if amended the report may be recommitted, unless the parties make other disposition of the case.