CERTIORARI. The record showed that the cause of action and demand of the plaintiff against the defendant, was for $98.00 due and payable to the former as landlord out of the proceeds of the sale of the goods of a tenant of his, then in the hands of the defendant who had seized, levied upon and sold them on the demised premises as a constable of the county on an execution at the suit of another against the tenant. And the exceptions were that it did not appear that the justice had jurisdiction in the case, and in the next place, that it did appear that he had not jurisdiction in the case.
Gordon, for the plaintiff in error. It was a claim for one year's rent by a landlord under the general act in such case made and provided, against a constable to be paid out of the proceeds of the sale of the tenant's goods in his hands, and which had been seized and sold by him as a constable of the county, under an execution in his hands at the suit of another against the tenant, on the demised premises, and which he would admit were subject under the statute to the demand of rent made by the landlord in the case under the facts and circumstances stated; but an action for such a demand of rent would not lie in such a case against a constable before a justice of the peace.
D. M. Bates, for the defendant in error, read the provisions of the statute on the subject, and cited Pettyjohn, v. Hudson, 4Harr. 178, 469. Armstrong v. Garrow, 6 Cow. 465.Dygert v. Crane, 4 Wend. 534. *Page 129 
 By the Court. The case before the justice was in the nature of an action of indebitatus assumpsit founded on the legal liability and the consequent implied promise and undertaking of the constable under the facts and circumstances of the case to pay such a demand, and in such a case such an action will lie before a justice of the peace. In this case the justice of the peace had jurisdiction, and the judgment below must therefore be affirmed. *Page 130