RUTLAND,
January,
1839.

BARNARD McCONNELL *v.* THOMAS McCONNELL,

*(In Chancery.)*

The orator may draw his bill with a double aspect, so that, if he fails of obtaining redress in one mode, he may resort to another in the same suit.

And it makes no difference, that one ground of claim is wholly inconsistent with the other.

All parties, interested in the subject matter of the bill, should regularly be made parties, either as orators or defendants.

But where their testimony is taken in the case, and they therein expressly disclaim all interest in the controversy, this supersedes the necessity of their being joined as parties.

What is a sufficient *donatio causa mortis* to vest the property in the donee upon the death of the donor.

When the main controversy in a bill is decided against the orator, although he succeed in obtaining a decree, the defendant will be entitled to have his costs up to the time of the decision of the main controversy.

In proceedings in chancery in the nature of an amicable suit, costs are not decreed.

The facts in this case will sufficiently appear from the opinion of the court, delivered by

REDFIELD, Chancellor.—In this case the bill was originally drawn, as it may well be, with a double aspect, so that if the orator fails of establishing one ground of recovery, he may rely upon another, which may be wholly or in part inconsistent with the former.

In the present case, the orator charges in his bill that his and defendant's father, many years since, was fraudulently induced by the defendant, while in a weak and infirm state of bodily health, and almost wholly *non compos mentis,* to make a very unequal settlement of his estate, by which the orator was wholly deprived of his share in the estate, except a promissory note executed by defendant to his father for $280, which was by the father intended and so declared to be for the orator's share. The orator goes, in the first place, to set aside the entire settlement, and in default of that, to obtain the note which he alleges has come into the defendant's hands, as administrator on his father's estate, and which he refuses to pay.

The defendant has answered, and that answer has been traversed and proofs taken, and the first aspect of the bill decided at a former term against the orator. It appeared at the former hearing, that two others, not parties to the bill,

were heirs to the estate, and of course interested in the disposition of the note in controversy. It became necessary to continue the cause until the rights of all concerned could be determined.

Now at this term the orator has not joined the other heirs, as co-defendants, by way of supplemental bill, as he might have done, but, instead of that, has taken their testimony in the case in relation to the subject matter, in which they expressly disclaim all pretension of right to the note, and declare their belief that it was intended by their father, as set forth in the bill, for the orator's share in the estate.—This supersedes the necessity of their being made parties to the bill. A disclaimer of this kind would be equally effective in barring any future claim on their part, or an action to the same effect. The only object or necessity for joining all parties, interested in the subject matter of any proceeding in chancery, is to obviate future litigation. This is effectually done by a disclaimer of record under the hands of the parties in interest.

Upon the merits of this claim, we have no doubt the note in controversy was, by the father, taken expressly to secure to the orator his share in the estate. We find that he expressly so declared at the time of its execution, and that he intended it to become the property of the orator at his decease, unless he made some disposition of the same inconsistent therewith. We do not find that he ever did. This, then, would be a sufficient disposition of the property, by way of *donatio causa mortis*, to vest the property in the orator at his father's decease.

But as the defendant is himself the administrator of the estate and the maker of the note, the collection of the note could not be enforced at law, should we decree a surrender of the same to the orator. We therefore decree the payment of the amount due upon the note. And as the defendant has succeeded in the main controversy, we allow him to tax his costs up to the term at which that decision was made, to be deducted from the amount due upon the note. As the proceeding, since that time, has been in the nature of an amicable suit, no costs are decreed.

It is ordered and decreed, that it be referred to one of the masters of this court to compute the sum due upon said note and also the amount of the defendant's costs up to the time

of the former decision in this case, and that the defendant pay the balance of said note, deducting said costs, to the clerk of this court, within sixty days from the rising of the court, for the benefit of the orator, and that, in default thereof, the orator have his writ of execution therefor against the defendant.

*S. Foot*, for orator.

*E. L. Ormsbee*, for defendant.