IRA DAY v AVERY CUMMINGS.

IN CHANCERY.

A nominal party to a contract, who has assigned all his interest, is only required to be joined in any proceeding in equity, in regard to the contract, for the purpose of having the decree conclude his rights, and thus conclude all future litigation. So that, in all such cases, when the court of chancery can see, in the particular case, that there exists no necessity for the joinder of such party on that account, it will not be required,—especially after the case has gone to a hearing.

A nominal party to a contract, in regard to which a suit in equity is pending, who is so divested of all interest as not to be a necessary party to the bill, is a competent witness in the case.

Where usury has been paid upon a note, in pursuance of a contract made at the time of its execution, and the payee seeks afterwards to enforce the collection of the note by a suit at law, a court of equity, upon a bill brought by the maker of the note, will order that the sum so paid be allowed as a payment upon the note, computing simple interest.

But where usury has been paid upon notes, which have been subsequently put in suit, and judgments have been recovered upon them and satisfied in full, which judgments still remain unreversed, a court of equity will not interfere to relieve the party making such usurious payments.

Any defence, which might be interposed at law to defeat a recovery upon a contract, or a portion of it, must be so interposed, or it is concluded by the judgment.

It is in accordance with the usual equity practice, when a party seeks, in a court of chancery, to obtain relief against a portion of the amount due upon a contract attempted to be enforced against him at law, and is successful, to have the entire case finished in the court of chancery, so as to put an end to any farther litigation between the parties in reference to the entire contract;—although there are many exceptions to this practice.

Where the orator alleged in his bill, that a former firm, of which he was a member, and of which he was now the sole represenative in interest, had made payments to the defendant of usurious interest upon notes which the defendant was now seeking to enforce against the firm by a suit at law, and also alleged that he had himself paid usurious interest to the defendant upon a note given by him to the defendant in the course of his individual business, which note he had subsequently paid in full, and prayed that he might be allowed for the pay-

Day v. Cummings.

ments so made, and the bill was not demurred to, nor objected to, in the court below, on the ground of multifariousness, it was held, that relief should be afforded the orator for all the payments so made, although, in strictness, it was involving distinct matters in the same bill.

In this case the orator was allowed his costs, having prevailed upon all the points litigated, excepting those from which he was precluded by a mere technical bar really shutting out the true equity of the case.

APPEAL from the court of chancery. The orator alleged in his bill, in substance, that from 1828 until 1842 he was a partner in business at Montpelier with Luther Cross; that in 1842 he purchased the interest of Cross in the property of the firm, and executed to him a bond, conditioned that he should pay all debts due from the firm; that during the continuance of the partnership the firm borrowed various sums of money of the defendant, for which they gave him their note, and for which they agreed to pay him interest annually at the rate of twelve *per cent.;* that towards such usurious interest they paid the defendant various sums of money, and gave him several notes, which notes the defendant had put in suit, and obtained judgments thereon, which had been fully paid and satisfied by the orator; that the defendant still held two notes, one for $400,00, and the other for $200,00, given by the firm during the existence of the partnership, upon which the firm had made various payments of usurious interest, and the collection of which notes the defendant was seeking to enforce by a suit at law, now pending in court; that the orator had also, in the course of his individual business, executed to the defendant his own note, signed by Cross as surety, for $125,00, for a pair of oxen, upon which he agreed to pay the defendant interest annually, at the rate of twelve *per cent.*; and that he had paid this last note in full, including a large amount of usurious interest upon the same. And the orator prayed, that an account might be taken of the amount of usurious interest paid by him, or by the partnership, to the defendant, and that the defendant might be ordered to repay the same to the orator, or to allow the same upon the notes in suit, and for an injunction, and for general relief.

The defendant answered, denying that the firm ever agreed to pay him usurious interest, or that he ever received usurious interest

63

from them; but admitting that he had received from the orator, upon the note for $125,00, a small sum above the interest at the rate of six *per cent.*

The answer was traversed and testimony was taken. Luther Cross was examined as a witness on the part of the orator; and his testimony tended to sustain the allegations in the bill. It appeared that the writ, in the action at law upon the notes, in favor of the defendant, had been served by attaching the property of the orator; and that the orator had deposited with Cross $800,00 in money, for the purpose of fully indemnifying him against any judgment which might be recovered against him in that suit. The defendant filed a motion to suppress the testimony of Cross. Other testimony was taken, the substance of which is sufficiently detailed in the opinion of the court.

It was referred to a master, to ascertain and report the sums paid to the defendant by Day and Cross as usurious interest upon the two notes in suit, and upon all other notes executed to him by the firm, excepting those notes upon which the defendant had recovered judgments. The master reported, that the amount of usurious interest paid to the defendant previous to the date of the note for $400, excepting the payments upon the notes which had passed into judgments, was $57,78; and that there was paid on the note for $400, as usurious interest, September 1, 1838, $24,00,—November 7, 1839, $24,27,—and September 1, 1840, $24,00.

The court of chancery,—Redfield, Ch.,—decreed, that the sum of $57,78 be applied upon the note for $400,00, as a payment at its date, that $24,00 be applied upon said note, as a payment made September 1, 1838,—$24,27 as a payment made November 27, 1839, —and $24,00 as a payment made September 1, 1840; that the claims of the orator for payments made upon the notes which had passed into judgments, and upon the note for $125,00, signed by the orator, and by Cross as surety, should be disallowed; and that no costs should be allowed to either party. From this decree the defendant appealed.

*J. A. Vail* and *L. B. Peck* for orator.

*O. H. Smith* for defendant.

The opinion of the court was delivered by

REDFIELD, J. In this case the orator seeks relief, in regard to notes in suit, at law, against himself and Luther Cross, who was his partner at the time the notes were given, but who has since assigned all his interest to the orator, and taken a bond to indemnify himself against all debts, and subsequently received a deposit of money amply sufficient to cover all damages and costs, which may by any possibility ever be recovered upon the notes. The bill alleges, that the notes were given for money borrowed upon usurious interest, and that upon those notes, and some others set forth in the bill, a large amount of usury had been paid.

1. It is objected, that Cross is a necessary party to this bill. I have no doubt he might, with perfect propriety, have joined as a co-plaintiff, upon the ground, merely, of being a party to the suit at law, and so legally interested, *prima facie*, to defeat the suit. This, in general, is necessary, in order to put a *quietus* upon the litigation. But courts of equity always exercise a discretion in regard to these *formal* parties, who are not in fact interested in the *event* of the litigation, and upon whom the decree is not intended to operate, by way of requiring them to do any *positive* act. Story's Eq. Pl. 147, § 153. 1 Daniels' Ch. Pr. 248, and note. At all events, a nominal party to the contract, who has assigned all his interest, is only required to be joined in any proceeding in equity, in regard to the contract, for the purpose of having the decree conclude *his rights*, and thus conclude all *future litigation.* So that, in all such cases, when the court of chancery can see, in the particular case, that there exists no necessity for the joinder of such party on that account, it will not be required,—especially after the case has gone to a hearing. And where the testimony of the assignor is taken, disclaiming all interest, as in the present case, the assignor will be concluded by such admission upon the record, and so by the decree passed in faith of that admission. This was expressly decided in *McConnell* v. *McConnell,* 11 Vt. 290.

2. There is no pretence that Cross, at the time of the hearing, had any interest in the subject matter of this suit. If not a necessary party plaintiff then, he was a competent witness. And the testimony very clearly establishes the fact of the payment of usury, *in*

*pursuance of a contract made at the time of the loan.* His testimony, too, is so far corroborated by the circumstances of the case, the *memoranda* upon the notes, and especially the *form* of the denial in the answer,—denominating the sums allowed, as "*discounts*," and not as extra interest,—that we have no doubt it is sufficient to overcome the answer. The only difficulty we have found in this case has been in regard to the claims of the orator, which were disallowed by the court of chancery.

3. There was usury paid upon a note for one hundred dollars, which was indorsed down to fifty dollars. This note was subsequently sued, and went into judgment, and was paid upon the execution which issued. But the interest seems to have been paid by giving other notes, some payable to Cummings and one to another person; and these notes have also been sued and collected in the same way. All payments, which were ultimately made upon judgments and executions, were disallowed in the court below, as not being recoverable in any suit whatever, so long as these judgments remained in force. We are finally of opinion, that the judgment, or decree, was correct, in excluding these payments.

It has always been held, that any defence, which might be interposed at law to defeat the recovery, or a portion of it, must be so interposed, or it is concluded by the judgment;—and, at all events, that when the specific money, sought to be recovered back, was finally paid upon a judgment, the recovery cannot be had. *Thatcher* v. *Gammon*, 12 Mass. 268. *Steward* v. *Downer*, 8 Vt. 320. And the same principle is implied in all those decisions, where a warrant of attorney to confess judgment, and judgments confessed, upon usurious contracts, have been set aside upon that ground, or execution stayed, until that fact could be determined upon a feigned issue. That is the practice of the courts of law, in regard to all judgments entered upon warrants of attorney. *Richmond* v. *Roberts*, 7 Johns. 319. *Cooke* v. *Jones*, Cowp. 727. *Everitt* v. *Knapp*, 6 Johns. 331. *Duncan* v. *Thomas*, Dougl. 196. In this case no judgment had been confessed, under the warrant. BULLER, J., said, the "court had the same jurisdiction, as if the judgment had actually been entered up." See, also, *Starr* v. *Schuyler*, 3 Johns. 139, and note.

4. Many questions in regard to the *time* of the payment of usury,

under the English statute, have arisen, which have a more or less direct bearing upon this question of the effect of a judgment upon the original contract,—but none of them, perhaps, directly affecting the question raised in this case. They will be referred to in the subsequent case of *Grow* v. *Albee*, in Orleans county, reported in this volume. The case of *Fanning* v. *Dunham*, 5 Johns. Ch. R. 122, which is relied upon by the plaintiff's counsel as most in point, as justifying this court in allowing the orator to recover the usury paid in pursuance of the several judgments, shows very fully the history of the decisions at common law upon this subject, and is here referred to for that purpose. But the case is not in point, to justify relief in the present case;—for 1st, The bill, in that case, was brought expressly for *setting aside the judgment*;—and 2d, The judgments were mere confessions, under warrants of attorney, such as we have seen are always relieved against at common law, even.

5. But the very full examination, which we have given this case, has induced us to recommend to the chancellor of this circuit to modify his decree in some respects, for the purpose of reaching the more perfect equity of this case, as it seems to us.

1. We think it more in accordance with the usual equity practice, that the case should be *finished* in the court of chancery;—although there are many exceptions to this practice.

2. As the bill is not demurred to, or objected to, as we understand, in the court below, on the ground of *multifariousness*, we think it best that the orator should have relief in regard to whatever usury was paid upon the note for the oxen;—which, in the greatest strictness, might be liable to the objection of involving distinct matters in the same bill, but which may well be included in this decree, when modified as above recommended.

3. As the orator has really prevailed upon all the points litigated, but for the judgments at law, which is a mere technical bar and really shuts out the true equity of the case, we recommend the chancellor to allow the orator his costs in the court of chancery. In this court he will be entitled to them, as matter of right.

The decree of the chancellor is reversed, and the case remanded, to be proceeded with according to the foregoing recommendation,— that is, that, upon computing all sums of usury, upon all the demands

Day *v.* Cummings.

named in the orator's bill, which sums were not *ultimately paid upon judgments*, and the costs in the suit in chancery, on the part of the orator, in that court and in this, the amount be set against the sum of the defendant's claim in the suit at law, including his costs in the court of law to the time of the decree ; and, if the balance is in favor of the defendant, he be decreed, upon the payment of the same, to surrender the note, or notes, in suit, to be cancelled, and, if in favor of the orator, he have a decree for the same, and execution after sixty days.