### MARY E. NICHOLS v. HENRY E. NICHOLS ET AL.

*Equity; Orator must Stand on Bill. Wife's Vested Right in Husband's Estate. Conveyance void as to.*

1. An orator must stand upon the case made by the bill, but he may prevail upon any one ground, although that be inconsistent with the other allegations.

2. A wife has a tangible and valuable interest in the estate of her husband.

3. A conveyance made and accepted with intent to defeat this right will be held void as to such right.

4. And the intent will be presumed where the parties know that such would be the effect of the conveyance.

5. A conveyance made upon a valuable consideration is not voluntary, but the fact that a consideration passed does not validate a deed executed with the fraudulent intent to defeat the vested right of the wife.

This was a bill brought by the oratrix to set aside a deed from her former husband, James Nichols, to the defendants, upon the ground that the same was in fraud of her marital rights. The case was heard at the September Term, 1887, upon pleadings, master's report and exceptions of the defendants thereto. Tyler, Chancellor, overruled the exceptions, and decreed that the deed be held void as to the oratrix. Appeal by defendants.

The oratrix married James Nichols in 1878. The defendants were his children by a former wife. James Nichols deceased December 23, 1884. The deed in question was executed Nov.

10, 1884, and conveyed a farm and the personal property on it. James Nichols had lived upon and carried on this farm with the oratrix from the time of their marriage until about a year before the conveyance, when he moved off it at her solicitation. The farm was worth about $9,000, and the personal property $1,200. James Nichols had other property which he retained after the conveyance to the amount of $1,500. There was resting upon the farm at the date of the conveyance a mortgage which amounted to about $3,333. This mortgage was assumed by the grantees as a condition of the deed, and in addition Henry E., one of the grantees, surrendered the notes of James to the amount of $1,000. There was no other consideration.

The bill alleged an ante-nuptial agreement with regard to this property, and that the grantor had not sufficient mental capacity to make this conveyance and was unduly influenced thereto; but the master failed to find the fact of such ante-nuptial contract, and did find that the said James had sufficient mental capacity and was not unduly influenced. As to the intention of the parties he reported:

" I find that he had contemplated disposing of his farm and the property thereon, as he did, for several months before he conveyed it; and he also had made some efforts to find purchasers outside his family. I find that he talked with his brother late in the summer and early autumn of that year, 1884, about disposing of his property, and what disposition he should make of it; and I find he so conveyed his property to his children in accordance with a well matured plan and determinate purpose on his part, that he had been forming for several months, and, perhaps longer, in his own mind. So I find he intended to convey said farm and property thereon to his children, as shown by the orator's exhibit No. 10, and conveyed it as he intended; and he intended all the results and consequences to his widow's rights of property therein, and his creditor's rights therein that would naturally and legitimately follow the deeding of his property as above set forth. And I find hatt he intended to make a final disposition of his property

so deeded. And I find he executed said conveyance to his children as aforesaid with full knowledge of the amount of the debts that he was then owing, and with full knowledge of the marital rights of the widow, in case of his decease, in his property. And I find that the grantees accepted of said deed, so far as they ever accepted of it, with full knowledge of such rights of his wife, widow and creditors and with the intention of holding it against any claims of grantor's wife or widow, or his creditors, by virtue of and under said deed to them.

I find that the natural and legitimate results and consequences of the said James Nichols so deeding his property to his children were to deprive his widow of her rights of dower in the property so conveyed; and that he made such conveyance in anticipation of his not living long, and " that he had but a short time to stay," and with the intent to deprive his widow of any rights of property in and to the property so conveyed."

*Wolcott & Wilbur* and *Roberts & Roberts*, for the oratrix.

The parties to this deed understood that it was made to divest the widow of her rights in the premises and property. The effect and intent of it was to do by deed what the grantor could not do by testamentary disposition. As such it was a fraud upon the oratrix and should be set aside. The widow's right of dower cannot be defeated by this sort of proceeding. *Thayer v. Thayer*, 14 Vt. 118; 1 Story Eq. s. 629 ; *Ladd* v. *Ladd*, 14 Vt. 194 ; 11 U. S. 647 ; *Van Wick* v. *Seward*, 18 Wend. 385, 386, 387; *Habergham* v. *Vincent*, 2 Veazey J. 204, and note; 1 Md. Chy. 337; *Jenney* v. *Jenney*, 24 Vt. 324 ; Bump. Fr. Cov. 282, 283 ; *Cunningham* v. *Freeborn*, 3 Paige Chy. 557 ; *Ladd* v. *Ladd*, 14 Vt. 185 ; 2 Ohio 373, 378; *Sukims* v. *Arid*, 73 U. S. 750 ; 41 Md. 107 ; 2 Bradw. 632 ; 50 Miss. 629 ; 2 Watt & McCard, 544.

The intention of the parties was to avoid a duty resting upon the grantor, hence the deed was void under the statute against fraudulent conveyances. R. L. ss. 1955, 4155 ; 7 Md., 537 ;

*Jones* v. *Spear,* 21 Vt. 426; 5 Vt. 527; *Edgell* v. *Lowell,* 4 Vt. 405; 11 Gray, 217; *Prout* v. *Vaughn,* 52 Vt. 451; 2 Paige Chy. 54; *Read* v. *Livingston,* 3 John. Chy. 500; 4 John. Chy. 450; 1 Eastern R. 506; *McLane* v. *Johnson,* 43 Vt. 49; 50 Vt. 653; Schouler on Executors and Admr. s. 220; *Hyslop and Campbell* v. *Clarke,* 14 Johnson, 458, 465; Kerr F. & M. 196; 10 Conn. 50; 9 Ala. 305.

The fact that there was a part consideration cannot help the matter. *Bassett* v. *McKenna,* 52 Vt. 438; *Robinson* v. *Stewart,* 10 N. Y. 189; *Holland* v. *Cruft,* 20 Pick. 321; *Sands* v. *Codwise,* 4 John. 536.

*Hard & Cushman,* for the defendants.

The oratrix must stand upon the case made by her bill. *Thomas* v. *Warner,* 15 Vt. 110, 114; *Barrett* v. *Sargent,* 1 8: Vt. 365, 369.

The evil sought to be avoided by this bill is not the wrongful act of the grantor in having made this deed, but that of the grantees in having induced him to make it.

This deed was not a "voluntary" one either at the common law or within the sense of R. L. s. 2228. 1 Am. Leading Cases, 54; also see 2 Abb. L. Dict. 639, 340; *Babcock* v. *Eckler,* 24 N. Y. 623.

The consideration was not only valuable, but adequate.

In view of the facts in this case it cannot be *inferred* that the grantor intended any actual fraud to the oratrix, much less that the grantees participated in this intent.

The opinion of the court was delivered by

POWERS, J. Objection is made that the bill is not adequate to the relief asked for upon the facts reported.

It is true as argued that the orator in equity must prevail upon the allegations made in his bill. But the orator may state his case in different aspects and if either is good he may succeed,

notwithstanding it may be inconsistent with some other stated ground of recovery. *McConnell* v. *McConnell*, 11 Vt. 290.

The bill in this case is somewhat inartificial but the allegation that the deed in question was executed in fraud of the marital rights of the oratrix states a ground for relief.

The master's report states in substance that the deed of James Nichols to his children dated Nov. 10th, 1884, was executed with full knowledge on the part of grantor and grantees of the marital rights of the oratrix in the granted premises and with the intention that it should have the effect to supplant such rights.

The deed cannot be said to be voluntary as there was a consideration, but the fact that a consideration passed is of no importance if the deed in fact was made with the fraudulent intent to avoid a vested right of the wife.

By the marriage Mrs. Nichols by law had a vested right to a certain extent in such property as her husband then had or might thereafterwards acquire during her coverture. This right fluctuated as from time to time in the ordinary course of events the husband conveyed away his property or made new accumulations. But at all times during coverture the wife, *because she is wife*, has a tangible and valuable interest in her husband's estate, springing from the marriage itself which the law recognizes and protects. Accordingly, from the earliest times, it has been held that any such conveyance by the intended husband or wife before marriage of their estate made to defraud the just expectations of the other is a fraud against which equity will give relief. Kerr Fraud and Mistake, 217.

If such conveyance before marriage, which defeats merely expected advantages, is a fraud upon marital rights in the eye of the law, much more should it be so regarded if the conveyance be made after the marriage has been solemnized and a community of interest established. The case of *Thayer* v. *Thayer*, 14 Vt. 118, is quite like the case at bar in many of its features and it is sufficient authority for the conclusion to which we come.

Nichols *v.* Nichols et al.

Many other cases were cited in the brief of the oratrix which support the same view.

The intent to defeat the marital rights of the oratrix by both grantor and grantees in the deed in question is necessarily presumed from their knowledge that such rights would be defeated by the conveyance. Both are presumed to have intended the natural results of their acts.

The conveyance therefore must be held inoperative as against the oratrix and her rights of dower.

*The decree of the Court of Chancery is affirmed and the cause remanded.*