## SAMUEL NORRIS *vs.* EMILY DE HERBLAY.

In Equity.    Appeal from Whiting, Judge.

Hearing, September 26, 1894.    Decision, October 25, 1894.

Judd, C.J., Bickerton, J., and Wm. Foster, Esq., a member
of the bar, who sat in place of Mr. Justice Frear, who
was disqualified by reason of his having been counsel.

A plea of the statute of limitations was made in an action at law by the
present defendant against the present plaintiff.  The Court hear-
ing the case did not pass upon nor decide the defense thus made and
counsel did not support the plea by argument, nor request the Court
to pass upon it:   Held, the omission to decide upon the plea is no
ground for equitable relief against the judgment.

Opinion of the Court, by Judd, C.J.

This is the second bill in equity by the defendant in a suit
at law, to vacate the judgment against him and to enjoin its
collection.

The bill alleges in substance that in the suit at law the
defense of the statute of limitations which was pleaded was
inadvertently omitted to be passed upon by the Justice who
heard the case, the jury being waived, and that the cause of
action was barred by the statute of limitations of six years
and that the omission and failure of the Justice to rule upon
and decide the said issue so made was due to no fault or
negligence of the plaintiff or his attorney ; that no appeal at

law lay from the said omission or failure of the said Justice to rule upon or decide the issue on the legal effect of the statute of limitations, inasmuch as no ruling had been made and so no exception could have been taken.

The bill prays that the judgment be vacated because barred by the statute of limitations, and that the collection of the judgment be enjoined.

The defendant demurred to the bill as disclosing no equity.

The ground claimed for equitable relief, is, concisely stated, the omission of the Justice who heard the case to pass upon and decide whether the action at law was barred by the statute of limitations. The affidavits show that the Justice did not pass upon nor decide the issue raised by this plea, and that counsel of plaintiff (the defendant at law) did not present nor argue the question, nor ask of the court for a finding upon it.

The precise question before us is, whether a defense of a legal nature, omitted to be passed upon and decided by the law court and not brought to the notice of the court, and upon which no finding was requested, is good ground for equitable relief.

Pomeroy says it is not. We quote from 3 Pom. Eq. Jur., Sec. 1361 : "Equity will not restrain a legal action or judgment, where the controversy would be decided by the court of equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special *equitable* feature or ground of relief; and in the case assumed this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action or the defense themselves. It is not such a special equitable ground of interference that the party has, by his own act or omission, failed to effectually avail himself of a valid defense at law, nor that the court of law has decided a question of law or of fact erroneously. The principle is well established and is universal in its application, that when a cause belongs to the jurisdiction of the law courts, equity will never interfere to

restrain the prosecution of the action, nor to stay proceeding on the judgment or execution *upon any mere legal grounds,* although it may be demonstrated that the complainant in equity (generally the defendant at law) had a valid legal defense, which was not made available, either through the error of the court in determining the law or the facts, or the omissions of himself or his counsel in presenting it or in obtaining the evidence by which it could have been supported."

Note 1 on page 395.   "It is immaterial whether the question or matters relied upon by the complainant in equity was considered by the law court or not.   Omission to present or make out a defense at law is not a ground for equitable relief."

In *Day vs. Cummings,* 19 Vt., 500, the court, per Redfield, J., say :   "It has always been held, that any defense, *which might be interposed at law* to defeat the recovery, or a portion of it, must be so interposed, or it is concluded by the judgment."

In *Simpson vs. Lord Howden,* 14 Eng. Chan. Rep., 108, it was held by Lord Chancellor Cottenham :   "That a party has not effectually availed himself of a defense, or that a court of law has erroneously decided a point of pure law is no ground for equitable interference."

In 1807 Lord Eldon said in *Ware vs. Horwood,* 14 Ves., 31, " Giblett has had an opportunity of defending himself at law; and in fact a judgment was recovered against him ; and I agree, generally speaking, that a jurisdiction does not arise here from the mere circumstance that a party has omitted to make a proper defense at law."

In *Hungerford vs. Siegerson,* 20 How., 161, the Supreme Court of the United States say :   " Where a party has failed to make a proper defense at law through negligence, equity will not aid him."

The defense of the statute of limitations is a legal defense. It was not passed upon by the trial court, because it was not argued and the court was not asked to decide it.   It is not necessary to charge counsel with negligence in not bringing

the matter to the attention of the court, for counsel for defendant may not have considered the defense a valid one and so waived it. It was not the duty of the court to have passed upon it, of its own motion. The bar of the statute of limitations must be interposed by the diligence of the debtor and unless otherwise provided by statute, be pleaded. It will not be raised by the court unsolicited. Wood, Lim. of Actions, Sec. 7, and cases cited. "The plea of the statute of limitations is generally a personal privilege, and may be waived by a defendant or asserted at his election." *Id.,* Sec. 41.

In the case before us the plaintiff (the defendant at law), in his answer stated that he relied upon the statute of limitations. He did not, however, call it to the notice of the court. He also stated in his answer that he relied upon fraud, illegality and payment as defenses and equally did not press these defenses, nor present any evidence to prove them. We can come to no other conclusion than that he waived all these defenses.

The rule is undoubted that if the law court had passed upon the plea and overruled it, though it was, in the opinion of a court of equity, erroneously so decided, equity would not relieve. (*Holmes vs. State,* 28 N. J. Eq. 173.) *A fortiori,* equity will not relieve when the defendant omitted to secure a decision upon his plea.

If the plaintiff had failed to have the plea passed upon, through negligence or because he waived it, and had after decision, asked the law court to allow him an exception on this point as a ground for a new trial, he would be refused, because he had not asked the court to rule upon it; and an exception to this refusal would not avail him. Omission to charge upon any points of law arising in a case, unless desired or requested, is no ground for a new trial. Hilliard, N. T., p. 207, and numerous cases there cited. The jury was waived in this case, but we apprehend that the same rule would apply, inasmuch as the rulings of the court on matters of law in a jury waived case are of the same general nature as

the instructions of the court to the jury and are subject to exceptions.

The plaintiff had his day in court and then and there failed to present the defense he now offers. Equity cannot grant him relief. The only case cited by the plaintiff bearing upon the equity of this case is *Pelzer Manufacturing Co. vs. Hamburg-Bremen Fire Ins. Co.*, 62 Fed. Rep. "Plaintiff brought several actions against a number of insurance companies for losses occasioned by the same fire. The jury found in his favor in one action, and it was agreed that the same verdict should be entered in the other actions. In one of these, plaintiff had declared on two policies issued by the same defendant, each policy being made the subject of a separate count. By haste and inadvertence, a verdict was taken on only one count, the judgment entered thereon was affirmed, and, the amount thereof being paid, satisfaction was entered on the record. The omission to take judgment on the second count was not discovered until three years after, when it was too late to move for a new trial or to appeal. Held, that plaintiff's only remedy was in equity, on the ground of mistake in the verdict and judgment." The court held that the verdict and judgment omitted the damages on one count through accident, mistake and inadvertence, and sustained the jurisdiction in equity. We have no such allegations in the bill before us except such as were previously adjudicated in a former case between the parties.

We dismiss the appeal and sustain the demurrer.

*A. S. Hartwell* and *F. M. Hatch*, for plaintiff.

*P. Neumann, Carter & Carter*, for defendant.

---

### CONCURRING OPINION BY WILLIAM FOSTER, ESQ.

I dissented from the decision of the court on the issues presented in this matter at the last June term, and have since seen no reason to change my opinion: on the contrary, the affidavits of Mr. Justice Dole, attached to the record now

before us, confirm my former belief that he did not consider the question of the statute of limitations.

The sole issue now before this court is whether such omission of the trial Justice to consider that question is, for any reason, an equitable ground for now disturbing the judgment: and I agree that it is not.

If this court could now go further, and find what lapse of time bars a foreign judgment, it would be more satisfactory to me to incorporate that finding in this decision: but the majority of the court deem this unnecessary and inadvisable, and their judgment must prevail.