## BOOKOUT *v.* BOOKOUT.

[No. 18,355.   Filed March 17, 1898.]

HUSBAND AND WIFE.—*Marriage a Valuable Consideration.*—Marriage is held to be a valuable consideration, and the wife is regarded as a purchaser of all property which accrues to her by virtue of her marital rights, or by virtue of any antenuptial contract.   *p. 66.*

SAME.—*Conveyance of Real Estate in Fraud of Marital Rights.*—A secret voluntary conveyance by a man of his lands on the eve of his marriage operates as a fraud upon his wife, and cannot serve to defeat her upon his death of her interest in such lands allowed to her under the law as his widow.   *p. 66.*

From the Henry Circuit Court.   *Affirmed.*

*J. M. Brown* and *S. H. Brown*, for appellant.

*M. E. Forkner*, for appellee.

JORDAN, J.—This was a suit in the lower court by appellee to set aside certain conveyances of real estate made by her late husband, Robert Bookout, to appellant and others prior to their marriage, on the grounds that said conveyances were executed for the fraudulent purpose of defeating her inchoate interest in the lands conveyed. She was successful in her action in respect to twenty-five acres of the land conveyed to appellant, in which the court found she was entitled to her interest as widow of her deceased husband, and she was awarded partition for the same. But two questions are sought to be presented by appellant: First, the sufficiency of the complaint on demurrer; second, the sufficiency of the evidence to sustain the judgment.

The complaint avers, in substance, that the plaintiff, Mrs. Bookout, is the lawful widow of Robert Bookout, deceased, and that he and the plaintiff were married to each other, and became husband and wife in August, 1891, and that she remained his said wife until the date of his death, which occurred in October, 1895. That at the time of said marriage her husband, Robert Bookout, was in actual possession of the lands described in the complaint, and was occupying the same as his homestead. And it is averred that he was in fact the owner of said real estate and in visible and open possession thereof at the time of their marriage under a clear and indefeasible title of record; that to induce the plaintiff to marry him he represented to her that he was the owner of all the lands in question, and promised in consideration that she would marry him, that if she survived him as his widow, she would have and receive her rights as such in and to said lands. It is alleged that the public

Bookout v. Bookout.

records disclosed that the said Robert Bookout was the absolute owner of said realty, and that the plaintiff relied on said representations and the showing of title as exhibited by said records, and in good faith, and without any notice of the fraudulent conveyances mentioned in the complaint, consented to and did marry the said Robert Bookout, as above stated; that she was induced to marry him by reason of said representations of ownership of said lands, and without the same having been made she would not have entered into said marriage relation. The complaint further alleges that a short time prior to the said marriage, and in anticipation thereof, and for the purpose of cheating and defrauding her in her marital rights, said Robert Bookout executed two deeds purporting to convey the lands in controversy to the defendants, who are his children and grandchildren by a former marriage, the plaintiff being a childless second wife. It is further averred that these deeds were executed wholly without any consideration, and for the fraudulent purpose, as heretofore stated, all of which the defendants had full knowledge at the time of the execution thereof; that in furtherance of said fraudulent purpose, and in order to conceal the fact of their execution from the plaintiff, the defendants withheld said deeds from the public records for more than forty-five days from the time of their execution, and, in fact, until within a few months of the death of the said Robert Bookout; that the latter at his death possessed no other lands than these in dispute, and owned at said time only a small amount of personal property, not exceeding $500.00 in value. The prayer is that the conveyances mentioned be set aside as fraudulent and void as to plaintiff, and that she be adjudged the owner, during her life, of the undivided

one-third of said real estate, and that she have partition of her said interest, and that the remainder of the realty be declared subject to a lien for the $500.00 allowed her under the law.

Marriage, in the eye of the law, is held to be a valuable consideration, and the wife is regarded as a purchaser for a valuable consideration of all property which accrues to her by virtue of her marital rights, or by virtue of any valid antenuptial contract. *Derry* v. *Derry*, 74 Ind. 560. Not only is marriage a valuable consideration, but it is the highest consideration recognized by law. *Richardson* v. *Schultz*, 98 Ind. 429, 435. Persons about to marry occupy a position of confidential relations to each other requiring the greatest good faith. 14 Am. and Eng. Ency. of Law, 546. Consequently the doctrine affirmed and supported by the authorities is that a secret voluntary conveyance by a man of his lands on the eve of his marriage operates as a fraud upon his wife, and can not serve to defeat her upon his death of her dower or interest in such lands allowed to her under the law as his widow: Therefore, she may successfully assert her rights thereto as though such conveyance had not been made. The facts set up in the complaint bring the case fully within the rule affirmed by the decisions of this court, which, in effect, are that, where a man and a woman are about to enter into marriage relations with each other, and one represents to the other that he or she, as the case may be, is the owner of certain property, as an inducement to such marriage, and such representations enter into and operate as a part of the consideration or inducement to the consummation of the marriage, then, a secret voluntary conveyance of the property made on the eve of the marriage, would be fraudulent, and could not defeat the rights under the law of the surviving husband or

widow, as the case might be.    *Dearmond* v. *Dearmond*, 10 Ind. 191; *Alkire* v. *Alkire*, 134 Ind. 350.

Appellant insists that the second paragraph of the complaint is bad for the reason that it does not aver that the husband owned the lands at the time of the marriage, or that he died seized thereof, as owner.    In this contention, however, counsel for appellant are mistaken.    The second paragraph of the complaint, while somewhat more specific in its averments, is substantially the same as the first, from which we have summarized the material facts heretofore mentioned and set out, and it expressly alleges that the husband was in fact seized of the lands in controversy at the time of his marriage, and also at the date of his death.    Or, in other words, the paragraph proceeds upon the theory that the husband in fact was seized of the lands in dispute at the date of his marriage, and also at his death, for the use of the plaintiff, or, at least, so far as her interest therein was concerned, notwithstanding the fraudulent conveyances. The complaint is sufficient, and the court did not err in overruling the demurrer thereto.    Without passing upon the question of whether the motion for a new trial was seasonably filed, we have considered the evidence in the case, and are of the opinion that it is sufficient to sustain the judgment.    The judgment is therefore affirmed.