Rockingham, } 
March 6, 1917. }

### Abbie C. Evans *v.* Daniel M. Evans & *a.*

An issue for a jury may be framed by a court of equity whenever it finds that a verdict may aid the court.

On a bill by a widow to set aside a gift by her husband as in fraud of her vidual rights, the issues, whether his motive was to prevent her obtaining her distributive share of his estate, and whether the ordinary man in his situation would have made the gift, are relevant to the question of its legality.

Bill in Equity, by the widow of Charles A. Evans. Charles gave a part of his personal property to his children in his lifetime and the plaintiff contends that as to her the gift was illegal because he made it to prevent her obtaining her distributive share of his property. The court framed the following issue for the jury: "Did Charles A. Evans make the conveyance mentioned in plaintiff's bill to defeat his wife from obtaining her distributive share of his estate?" The defendants excepted to the issue so framed on the ground that it was misleading, and a bill of exceptions was allowed by *Kivel*, J., at the May term, 1916, of the superior court.

*Sleeper, Brown & Frizzell* and *Arthur O. Fuller (Mr. Sleeper* orally), for the plaintiff.

*Eastman, Scammon & Gardner (Mr. Scammon* orally), for the defendants.

Young, J. When a court before whom a proceeding in equity is pending finds that it will aid it in its search for the truth to submit

the determination of a disputed question of fact to a jury, it is its duty to frame the proper issue. P. S., c. 227, s. 21. The office of an issue, therefore, is to enable a jury to aid the court in determining the rights of the parties. Since this is so, the question of law raised by the defendants' exception to the issue in question is whether a verdict on that issue may aid the court,—not whether it will be determinative of the rights of the parties. The test to decide whether a determination of Charles' motive for making the gift in question may,—not will,—aid the court is to inquire whether his motive is a matter in issue within the meaning of *Darling* v. *Westmoreland*, 52 N. H. 401; and that it is, is obvious; for while, as will appear more fully later, it is not determinative of, it is relevant to the issue of the legality of the gift; or one of the facts that must be found in order to determine the rights and liabilities of the parties. The question of the capacity of the issue in question to aid the court in its search for the truth is not only a question, but it is the only question before this court, for while it is true that the court might have transferred the sufficiency of the issue excepted to, if it wished to settle that question in advance of the trial, it is enough to say, that the case comes here on a bill of exceptions. The defendants' exception, therefore, might very properly be overruled without considering the general questions involved in the determination of the legality of a gift of this kind but it is thought that a brief consideration of these questions, at this time, may facilitate the trial and save expense to the parties. *Nashua Iron Co.* v. *Railroad*, 62 N. H. 159, 162.

It is elementary that there can be no recovery in any action unless the plaintiff shows both that she has been injured or damaged and that the act of which she complains was illegal. In other words, it is not enough for the plaintiff to show that the effect of the gift in question was to defeat her obtaining her distributive share of the property. To recover, she must go further and show that the gift was illegal. The gift was illegal if Charles' purpose in making it was to prevent his wife's obtaining her distributive share of the property (*Walker* v. *Walker*, 66 N. H. 390), and that is also true no matter what his purpose for making the gift may have been, if making it when, as, and for the purpose he did, was an unreasonable thing to do.

The test to determine whether Charles' purpose in making the gift was to prevent his wife's obtaining her distributive share of the property is to inquire whether but for that purpose he would have made the gift. The test to determine whether making the gift when, as, and for the purpose he did, was an unreasonable thing to do, is to

inquire whether the ordinary man in Charles' situation would have made it. If, therefore, the court thinks it will aid it in determining the rights of the parties to have a jury pass on the validity of the plaintiff's contention that the gift in question is illegal because Charles made it to prevent her obtaining her distributive share of his property, it should submit two questions to the jury: (1) Was Charles' motive for making the gift in question a purpose to prevent his wife's obtaining her distributive share of his estate? (2) Would the ordinary man in Charles' situation have made the gift in question?

*Exception overruled.*

All concurred.